**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

```
ALBA C. ROMAN-VARGAS             *
                                 *
     Plaintiff                   *
                                 *
v.                               *    Civil No. 04-1832(SEC)
                                 *
COMMISSIONER OF SOCIAL           *
SECURITY                         *
                                 *
     Defendants                  *
************************************
```

**OPINION AND ORDER**

This is an action brought under 42 U.S.C. § 405(g), the "Social Security Act." Plaintiff seeks review of the Commissioner of Social Security's ("the Commissioner") denial of social security benefits **(Docket # 1)**. On February 14, 2005 the Commissioner filed its answer and memorandum of law in support of its decision to deny disability benefits **(Docket # 10)**. Plaintiff's opposition to the Commissioner's memorandum of law was filed on March 22, 2005 **(Docket # 11)**. This action was referred to Magistrate Judge Aida Delgado-Colón for a Report and Recommendation **(Docket # 6)**. On August 12, 2005, Magistrate Delgado-Colón issued her report recommending that the Commissioner's decision to deny Plaintiff disability benefits be affirmed and that Plaintiff's case be dismissed **(Docket # 12)**. Plaintiff subsequently objected to Magistrate Delgado-Colón's recommendation **(Docket # 13)**. After reviewing the parties' filings and the applicable law, the Magistrate's Report and Recommendation will be **APPROVED** and **ADOPTED** and the Commissioner's decision to deny Plaintiff disability benefits will be **AFFIRMED**.

**Background**

Plaintiff first applied for disability benefits on July 5, 1999. This application was denied and an appeal followed. Finally, that decision reached the federal court for judicial review and, on June 13, 2002, the Court remanded the case for further proceedings. After a

**Civil No. 04-1832(SEC)**                                                                                                         2
_____

hearing held on the matter on remand, the Administrative Law Judge ("ALJ"), once again, found that Plaintiff was not disabled and, consequently, not entitled to disability benefits. On June 21, 2004 the Appeals Council denied Plaintiff's petition for review and, on August 12, 2004, Plaintiff filed the instant action seeking review from the Commissioner's final decision that Plaintiff is not disabled and benefits be denied. See Dockets ## 10 & 11.

In her memorandum of law, Plaintiff raised the following arguments in support of her request that the Commissioner's decision be reversed: (1) the ALJ erred in not eliciting the testimony of a vocational expert in order to make a determination as to Plaintiff's ability to perform her past relevant work; (2) the medical expert's appreciation of the medical evidence of record was erroneous; (3) the Commissioner failed to give proper consideration to Plaintiff's complaints of pain and her inability to remain in the same position for extended periods of time; (4) the Commissioner did not consider the evidence in the record as a whole; and (5) the ALJ's conclusion that Plaintiff could perform her past relevant work of secretary is not supported by substantial evidence (Docket # 11).

In her Report and Recommendation, Magistrate Delgado-Colón addressed each one of these arguments extensively (Docket # 12 at pp. 7-15). The Magistrate then recommended that the Commissioner's decision be affirmed. In her objection, however, Plaintiff essentially rehashes one of her previous arguments. That is, the ALJ should have retained a vocational expert in order to decide whether Plaintiff could perform her past relevant work (Docket # 13). As it stands now, however, this argument has already been fully briefed, opposed, considered and rejected.

**Standard of Review**

While the Court is not required to review any issue raised or resolved in a Magistrate's report that is not the subject of a timely objection by the parties in the case, once an objection is raised, "[a] judge of the [district] court shall make a de novo determination of the report

**Civil No. 04-1832(SEC)**                                                                                                          3
_____

or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1)(c). These objections must be filed in a timely manner and in accordance with the rules of the Court, which state that objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993); Rodríguez v. Pfizer Pharm., Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003); Pacheco Bonilla v. Tooling & Stamping, Inc., 281 F. Supp. 2d 336, 338 (D.P.R. 2003).

**Analysis**

As to the issue of the vocational expert, the Magistrate Judge found that the ALJ is not required to elicit the testimony of a vocational expert since the claimant is the primary source for vocational documentation (Docket # 12 at p. 8). The Magistrate then summarized the testimony presented by Plaintiff and found that the ALJ's credibility determination was based upon the evidence of record and should not be disturbed (Docket # 12 at p. 9).

As previously stated, Plaintiff then filed a three-page document objecting to the Magistrate's finding pertaining to the need of eliciting the testimony of a vocational expert. However, in so doing Plaintiff failed to comply with the Local Rules of this Court by filing a document which merely echoes the arguments contained in her memorandum of law. See Docket # 11 at pp. 7-9 & Docket # 13. In fact, some of the language contained in said objection tracks almost word for word, with some minor exceptions, the language included in the memorandum of law. Simply put, Plaintiff's objection is a mere recitation of her previous argument and, as such, constitutes a general objection to the Magistrate's finding.

Local Rule 72(d) provides that in filing their objections to the Magistrate's findings, the parties "shall **specifically** identify the portions of the proposed findings and recommendations to which objection is made and the **basis for such objection**." Local Rule 72(d) (emphasis added). Plaintiff's objection is a generalized one which does not warrant a

**Civil No. 04-1832(SEC)** 4
_____

*de novo* review. See Howard v. Sec'y of Health & Human Servs., 932 F. 2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."); Morin v. T.P.M., Inc, 1997 U.S. Dist. Lexis 18228 (D. Me. Oct. 31, 1997)("To permit a party simply to refer to its original argument as if the Magistrate Judge had said nothing adds an unnecessary extra layer of review rather than serve the purpose of narrowing and focusing the issues."); Sackall v. Heckler, 104 F.R.D. 401, 403 (D.R.I. 1984)("A bluderbuss objection is, in the view of this court, no objection at all."); Betancourt v. Ace Insurance Co. of P.R., 313 F. Supp. 2d 32, 34-35 (D.P.R. 2004)(holding that a mere duplicate, repetition or restatement of the arguments included in the motion previously referred and examined by the Magistrate constitutes a failure to comply with the procedural requirements of this district and warrants the Court's review without the benefit of an objection); González-Ramos v. Empresas Berríos, Inc., 360 F.Supp.2d 373, 376 (D.P.R. 2005)(rehashing arguments already discussed by the Magistrate warrants a *de novo* review without the benefit of a proper objection).

**Conclusion**

In light of the foregoing, the Court has reviewed the record and has found no clear error of law or fact in Magistrate Judge Delgado-Colón's Report and Recommendation. Sackall, 104 F.R.D. at 403 ("[T]he Report should be approved for this reason alone, in the absence of clear error on the face of the record.")(citations omitted). Thus, we **APPROVE** and **ADOPT** the Magistrate's Report and Recommendation as our own. Consequently, the

**Civil No. 04-1832(SEC)** 5
_____

Commissioner's decision is **AFFIRMED** and Plaintiff's case will be **DISMISSED WITH PREJUDICE**.

    **SO ORDERED.**
In San Juan, Puerto Rico, this 26th day of January, 2006.

                                                S/ *Salvador E. Casellas*
                                                SALVADOR E. CASELLAS
                                                U.S. Senior District Judge